UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
ADOLFO DIAZ

                    Petitioner,              No. 20-cv-232 (RJS)

    -v-

UNITED STATES OF AMERICA,

                    Respondent.
```

```
UNITED STATES OF AMERICA

    -v-                                      No. 16-cr-719-5 (RJS)

ADOLFO DIAZ,
                                             OPINION AND ORDER
                    Defendant.
```

RICHARD J. SULLIVAN, Circuit Judge:

Petitioner Adolfo Diaz, who is currently incarcerated, brings this petition pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence under 18 U.S.C. § 924(c), which he asserts is invalid in light of the Supreme Court's opinion in *United States v. Davis*, 139 S. Ct. 2319 (2019). (No. 20-cv-232 (RJS) Doc. No. 1 at 1.)[1]  For the reasons set forth below, the petition is DENIED.

I. BACKGROUND

In September 2016, Diaz and five others conspired to rob a Bronx drug dealer of two kilograms of cocaine at gunpoint.[2]  (PSR ¶¶ 16, 17.)  According to their plan, one member was to

---

[1] Unless otherwise indicated, all docket citations refer to the docket in Diaz's criminal case, *United States v. Diaz*, No. 16-cr-719-5 (RJS).

[2] The facts are drawn from Diaz's presentence investigation report ("PSR") (Doc. No. 236).  In making its ruling, the Court has also considered the petition, Diaz's amended petition (Doc. No. 257), the government's memorandum of law in opposition to the petition (Doc. No. 268), Diaz's reply memorandum

1

meet the victim and pretend to order and inspect the drugs, while two others would approach with the firearm and take the drugs. (*Id.* ¶ 26.) Diaz was to act as protection and lookout. (*Id.* ¶ 23.) The group agreed to split the stolen narcotics amongst themselves, and Diaz planned to have one of his co-conspirators sell his share of the proceeds. (*Id.* ¶ 24.) Unbeknownst to them, however, one of the "conspirators" was a confidential informant, working at the direction of the Drug Enforcement Administration. (*Id.* ¶¶ 14, 15.)

On September 28, 2016, the group drove in a van to the parking lot of a Target department store, where the robbery was to take place. (*Id.* ¶¶ 25–28.) Once they arrived, law enforcement officers converged on the group and apprehended them. (*Id.* ¶¶ 29, 30.) Upon approaching the group, officers heard a loud metallic noise that sounded like a "metal object hitting the ground." (*Id.* ¶ 29.) They later found a loaded semiautomatic handgun just outside the passenger side of the van. (*Id.*)

On October 27, 2016, a grand jury returned an indictment charging Diaz and the other co-conspirators with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (the "Hobbs Act Count"), conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846, and carrying and possessing a firearm in furtherance of both the robbery conspiracy and the narcotics conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and § 2 (the "Firearms Count"). (Doc. No. 18.)

On April 27, 2017, Diaz pleaded guilty to the Hobbs Act Count and the Firearms Count, pursuant to a plea agreement with the government (the "Plea Agreement"). (Doc. No. 78.) During

---

of law in support of the petition (Doc. No. 277), the government's letter informing the Court of recently issued relevant Second Circuit authority (Doc. No. 284), as well as all attached exhibits. Diaz proceeded *pro se* in filing the petition and supporting memoranda but has since retained Carlos M. Santiago, Jr. as counsel in this matter.

the plea hearing, Magistrate Judge Fox explained to Diaz that the Firearms Count was predicated on a crime of violence and a drug trafficking offense, though he particularly focused on the "conspiracy to commit Hobbs Act robbery that is charged in Count One of the indictment." (*Id.* at 11.) Likewise, the government, in describing the elements of the crime charged in the Firearms Count, noted that there are "alternative predicate counts in the indictment to support [that] Count" but specifically listed only the elements for the Hobbs Act robbery conspiracy. (*Id.* at 16–17.) In the same hearing, Diaz admitted that he, "along with others, agreed to rob a drug dealer of cocaine." (*Id.* at 22.) He further admitted to assisting his co-conspirators "to use, possess and carry a gun in relation to the agreement." (*Id.*)

On January 11, 2019, the Court principally sentenced Diaz to an aggregate term of 120 months' imprisonment (60 months on the Hobbs Act Count and 60 months on the Firearms Count, to be served consecutively) and five years' supervised release. (Doc. No. 215 at 2–3.) Diaz did not appeal his conviction. (No. 20-cv-232 (RJS) Doc. No. 1 at 2.)

On January 8, 2020, Diaz filed a *pro se* petition pursuant to 28 U.S.C. § 2255 to vacate his § 924(c) conviction and sentence. (*Id.*) Diaz, subsequently represented by counsel, also filed an amended petition and a response to the government's brief opposing his petition. (Doc. Nos. 257, 277.) Taken collectively, Diaz first argues that his § 924(c) conviction is invalid in light of *Davis*, which established that conspiracy to commit Hobbs Act robbery is no longer a valid predicate for a § 924(c) conviction. (No. 20-cv-232 (RJS) Doc. No. 1 at 3–5.) Diaz asserts that, although decided after his sentencing, *Davis* should apply retroactively to vacate his conviction. (*Id.*) Diaz further contends that his § 924(c) conviction cannot stand on the alternate predicate of narcotics trafficking conspiracy because he did not "knowingly and intelligently" plead to the conviction predicated on the narcotics trafficking conspiracy. (Doc. No. 277 at 3.) In support of his argument,

he states that the Plea Agreement, the Magistrate Judge, and the government all characterized his Firearms Count conviction as predicated on the conspiracy to commit Hobbs Act robbery alone. (*Id.* at 1–4.) Lastly, Diaz argues that his claim is not procedurally barred despite his failure to appeal, because (1) a void-for-vagueness challenge would have been futile at the time of his sentencing, and (2) the subsequent change in the law made him actually innocent of the § 924(c) charge. (No. 20-cv-232 (RJS) Doc. No. 1 at 6–8; Doc. No. 277 at 4–5.)

## II. LEGAL STANDARD

Section 2255 enables a prisoner who was sentenced by a federal court to petition that court to vacate, set aside, or correct the sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is generally available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Bokun,* 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks omitted).

"Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Yick Man Mui v. United States,* 614 F.3d 50, 53 (2d Cir. 2010) (internal quotation marks omitted). The "procedural default rule" constitutes one such rule and provides that a defendant may not substitute a collateral challenge for an appeal unless he can first demonstrate either "cause for failing to raise the claim at the

appropriate time and prejudice from the alleged error" or that he is "actually innocen[t]."  *Id.* at 51, 54 (internal quotation marks omitted); *see also Bousley v. United States*, 523 U.S. 614, 622 (1998).

As relevant here, "cause" can be established by demonstrating the futility of asserting an argument at the time of appeal.  *Bousley*, 523 U.S. at 622.  "[F]utility, however, 'cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time.'"  *Gupta v. United States*, 913 F.3d 81, 84–85 (2d Cir. 2019) (quoting *Bousley*, 523 U.S. at 623).  "[T]he question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all."  *United States v. Thorn*, 659 F.3d 227, 233 (2d Cir. 2011) (quoting *Smith v. Murray*, 477 U.S. 527, 537 (1986)).  "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default."  *Murray v. Carrier*, 477 U.S. 478, 486 (1986).

As for prejudice, that requirement is met by establishing "actual prejudice resulting from the errors of which [Petitioner] complains," *Gutierrez v. Smith*, 702 F.3d 103, 112 (2d Cir. 2012) (internal quotation marks omitted), *i.e.*, that there is a reasonable probability that, but for the alleged error, "the result of the proceeding would have been different," *Strickland v. Washington*, 466 U.S. 668, 694 (1984).  While the alleged error need not have "more likely than not altered the outcome," *id.* at 693, it does require a petitioner to show that "[t]he likelihood of a different result [was] substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011).  In other words, the error must have resulted in "substantial disadvantage, infecting [the] entire [hearing] with error of constitutional dimensions."  *Carrier*, 477 U.S. at 494 (internal quotation marks omitted).

An alternate pathway to overcoming procedural default is "actual innocence." *Bousley*, 523 U.S. at 622. The Supreme Court has explained that "'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him" had the case gone to trial. *Id.* (internal quotation marks omitted); *see also Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 114 (2d Cir. 2000) (emphasizing that this standard applies even if the defendant pleaded guilty). The Supreme Court has emphasized that "[i]n cases where the [g]overnment has foregone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Bousley*, 523 U.S. at 624. Furthermore, "reviewing courts should assess actual innocence claims in light of all the evidence regardless of admissibility but with proper consideration for the weight the evidence can bear in light of relevance and reliability." *Hyman v. Brown,* 927 F.3d 639, 659 (2d Cir. 2019) (internal quotation marks omitted); *cf. United States v. Miller*, 954 F.3d 551, 559 & n.23 (2d Cir. 2020) (noting that, in the plain error context, the reviewing court may look beyond the trial record in determining whether the error affects the fairness, integrity, or public reputation of judicial proceedings).

### III. DISCUSSION

Diaz argues that his § 924(c) conviction is invalid in light of *Davis*, which established that conspiracy to commit Hobbs Act robbery is no longer a valid predicate for a § 924(c) conviction. (No. 20-cv-232 (RJS) Doc. No. 1 at 7.) And while his indictment identified narcotics trafficking conspiracy as an alternate predicate (Doc. No. 18), Diaz asserts that he did not "knowingly and intelligently" plead to a § 924(c) charge predicated on the narcotics charge because the Plea Agreement – as well as the statements by Magistrate Judge Fox and the government during the

plea hearing – identified only the robbery conspiracy as the predicate for the § 924(c) conviction. (Doc. No. 277 at 1–3.) Diaz thus argues that his conviction is invalid on either predicate. (*Id.*) Diaz also contends that his petition is not procedurally barred despite his failure to raise the arguments on appeal, because (1) a void-for-vagueness challenge to the § 924(c) conviction would have been futile at the time of appeal, and (2) the subsequent change in the law made him actually innocent of the § 924(c) charge. (No. 20-cv-232 (RJS) Doc. No. 1 at 6–8; Doc. No. 277 at 4–5.)

Despite his assertions, however, Diaz's claim is procedurally barred because he cannot show that he suffered prejudice from the alleged error or that he is actually innocent of the § 924(c) charge.[3] In *United States v. Dussard*, 967 F.3d 149 (2d Cir. 2020), the Second Circuit recently held that a § 924(c) conviction predicated on Hobbs Act robbery conspiracy alone remained valid even after *Davis* because the indictment identified narcotics trafficking conspiracy as an alternate predicate. *Id.* at 157–58.[4] Pointing to the appellant's stipulation at the plea hearing, *id.* at 157 ("I conspired with individuals who possessed firearms in order to steal narcotics at gun point . . . ."), and the PSR's findings that he planned to sell the drugs for profit, the Second Circuit concluded that the appellant "would have had little genuine hope of being acquitted of the . . . drug trafficking conspiracy after a trial," *id.* The *Dussard* court also noted that "nothing about [the appellant's]

---

[3] It is by no means clear that Diaz has established cause for his failure to raise his vagueness claim. To be sure, Diaz is correct that some courts have concluded that a *Davis*-style void-for-vagueness challenge would have been futile at the time of his appeal. (Doc. No. 277 at 4–5.) But the Supreme Court has stated that "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" *Bousley*, 523 U.S. at 623 (quoting *Engle v. Isaac*, 456 U.S. 107, 130 n.35 (1982)). Although the Second Circuit has not yet addressed this precise question, the Court need not resolve that dispute here because Diaz has not established the second element required to excuse a procedural default – prejudice.

[4] While the *Dussard* court conducted plain error review, the standard used to determine whether the appellant's substantial rights were affected mirrors the standard for prejudice in the procedural default context. *Dussard*, 967 F.3d at 156 ("An error affects the defendant's substantial rights when it is prejudicial – that is, when there is a reasonable probability that the error affected the outcome of the proceeding." (internal quotation marks omitted)).

plea or the plea hearing itself provides any basis for an argument that he was willing to plead guilty to [the § 924(c) charge] only if it was tied to the charge of Hobbs Act conspiracy . . . instead [of] the drug trafficking predicate," which has "no difference in the offense of conviction or in the punishment." *Id.* at 158. The Second Circuit thus affirmed the conviction, stating that the appellant "ha[d] not shown any reasonable probability that he would not have pleaded guilty to [the § 924(c) charge]" had *Davis* been in effect at that time. *Id.*

Here, Diaz admitted during the plea hearing that he, "along with others, agreed to rob a drug dealer of cocaine" at gunpoint (Doc. No. 78 at 22), and the PSR – to which neither party objected – represented that Diaz planned to sell his share of the stolen drugs through a co-conspirator (PSR ¶ 24). So like Dussard, Diaz "would have had little genuine hope" of prevailing at trial on the narcotics trafficking conspiracy charge, *Dussard*, 967 F.3d at 157, and there can be no doubt that the government would have pursued a § 924(c) conviction predicated on the narcotics trafficking conspiracy alone had *Davis* been in effect at that time. Furthermore, Diaz has not provided any evidence to suggest that he would have insisted on going to trial if the plea offer required him to plead guilty to the § 924(c) charge predicated on the narcotics trafficking conspiracy. Indeed, since the punishment would have been identical to that of a § 924(c) charge predicated on a Hobbs Act robbery conspiracy, it defies logic to think that Diaz had any reason to discriminate between the two predicates. Therefore, there is no reasonable probability that "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Nor has Diaz established that he is actually innocent of the § 924(c) charge. "The plain language of § 924(c) requires only that the predicate crime of violence (or drug trafficking) have been committed;" it "does not suggest that the defendant must be separately charged with that predicate crime and be convicted of it." *Johnson v. United States,* 779 F.3d 125, 129–30 (2d Cir.

2015). As the indictment charged him with a § 924(c) count predicated on *both* the conspiracy to commit Hobbs Act robbery and the conspiracy to distribute narcotics (Doc. No. 18 at 3), Diaz must demonstrate that "it is more likely than not that no reasonable juror would have convicted him" of the § 924(c) charge on *either* of the charged predicates had the case gone to trial, *Bousley*, 523 U.S. at 623, to be determined "in light of all the evidence *regardless* of admissibility," *Hyman*, 927 F.3d at 659 (emphasis added) (internal quotation marks omitted).

Diaz cannot meet this burden. During his plea allocution, Diaz admitted that the robbery conspiracy charge, to which he pleaded guilty, involved an agreement to rob a drug dealer of cocaine at gunpoint. (Doc. No. 18 ¶ 5; Doc. No. 78 at 22.) Considering the sizable weight of the drugs that Diaz and his co-conspirators planned to steal (*see* PSR ¶ 16), Diaz's admission alone undermines any claim of actual innocence. Moreover, the PSR, to which Diaz did not object, reflects that Diaz planned to sell the proceeds for profit through another member of the conspiracy. (*Id.* ¶ 24.) Accordingly, while Hobbs Act conspiracy is no longer a valid predicate for his § 924(c) conviction after *Davis*, the record as a whole indicates that Diaz used a firearm in furtherance of a narcotics conspiracy, which is all that is required for him to be convicted on the Firearms Count.

## IV. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED THAT Diaz's motion under 28 U.S.C. § 2255 is DENIED. In addition, because Diaz has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court will not issue a certificate of appealability. *See Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). Furthermore, because any appeal would "lack[] an arguable basis in law or fact," *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995), the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Opinion

9

and Order would not be taken in good faith and, therefore, Diaz may not proceed *in forma pauperis*. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to terminate the motions pending at Doc. Nos. 255, 257, and 277 in No. 16-cr-719-5 (RJS), to terminate the motion pending at Doc. No. 3 in No. 20-cv-232 (RJS), and to close No. 20-cv-232 (RJS).

SO ORDERED.

Dated:   September 24, 2020
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation